GEO. WM. RUEFF, INC. (LIQUID CARBONIC CORP.) *v.* UNITED STATES

No. 5701.—Invoice dated Colon, Panama, September 29, 1937.
Entered at New Orleans, La., October 13, 1937.
Entry No. 01721.

(Decided August 24, 1942)

*Tompkins & Tompkins* (*Allerton deC. Tompkins* of counsel) for the plaintiff.
*Paul P. Rao,* Assistant Attorney General (*Alfred A. Taylor, Jr.,* and *William J. Vitale,* special attorneys), for the defendant.

KINCHELOE, Judge: This appeal to reappraisement involves determining the proper dutiable value of certain empty carbonic gas cylinders exported from the Republic of Panama and entered at the port of New Orleans, La.

Plaintiff entered these cylinders at a price of $4 each, and the appraiser advanced that value to $15 each, the price at which the merchandise was invoiced.

There is nothing in the record herein which shows the basis of appraisement adopted by the appraiser. Plaintiff contends, however,

that there is neither a foreign nor an export value for the instant merchandise, but that the proper basis of appraisement therefor is United States value, as such value is defined in section 402 (e) of the Tariff Act of 1930.

The evidence adduced herein, all of which was offered by plaintiff, consists of two affidavits, admitted in evidence as plaintiff's exhibit 2 and plaintiff's collective exhibit 3, and the oral testimony of four witnesses. Some of the proof is directed toward showing the origin of the cylinders. Such evidence has no bearing on the issue presented herein. Whether or not the collector accepted part of the shipment as American goods returned, and would so classify the merchandise, is wholly immaterial as far as this case is concerned. That is a matter of classification and cannot be considered here. It is fundamental that a court sitting in reappraisement has power to hear and determine questions of value only.

The affidavit, collective exhibit 3, was executed by an employee of the foreign exporting corporation whose experience therewith covered a period of approximately 5 years in the capacities of auditor, assistant general manager, and general manager. Based upon his experience and knowledge of business conditions in the Republic of Panama, the witness testified in substance that merchandise, the same or similar to that in question, was neither sold nor freely offered for sale in the principal markets there, at the time of exportation of the shipment involved herein, either for home consumption or for export to the United States.

It further appears from the witness' testimony that these empty cylinders belong to the foreign exporter, the Panama Coca-Cola Bottling Co., which sends them to this country to be filled with $CO_2$ gas that is used in the carbonated beverages produced by that concern. Referring to the invoice price of $15 per cylinder used by his firm, the witness testified in part as follows:

This value is not a sales price nor an offer for sale, but an arbitrary figure to be used as the starting point for arbitration and settlement at possibly a much lower price should the cylinders be lost in transit to and from the suppliers of $CO_2$ gas. * * *. This price of $15. is not the replacement value or the actual value or the market value, or a sales price for these used cylinders, but it is in the nature of a fictitious charge made without intent to collect the full amount thereof. This practice tends to insure the prompt return of said cylinders, which are needed by The Panama Coca-Cola Bottling Company. * * *. Therefore said $15.00 is not a bona fide sales price, nor a bona fide offer of sale, and The Panama Coca-Cola Bottling Company does not hold out its cylinders for sale to the gas suppliers at $15.00 each, or at any price.

In my judgment, plaintiff has established *prima facie* that no foreign value or no export value, as such values are defined in section 402 (c) and (d), respectively, of the Tariff Act of 1930, existed for the cylinders at the time of their exportation.

United States value, which is claimed by plaintiff to be the proper basis of appraisement for the merchandise in question, is defined in section 402 (e) of the Tariff Act of 1930, as follows:

(e) UNITED STATES VALUE.—The United States value of imported merchandise shall be the price at which such or similar *imported* merchandise is *freely offered for sale*, packed ready for delivery, in the principal market of the United States to all purchasers, at the *time of exportation* of the imported merchandise, in the usual wholesale quantities and in the ordinary course of trade, with allowance made for duty, cost of transportation and insurance, and other necessary expenses from the place of shipment to the place of delivery, a commission not exceeding 6 per centum, if any has been paid or contracted to be paid on goods secured otherwise than by purchase, or profits not to exceed 8 per centum and a reasonable allowance for general expenses, not to exceed 8 per centum on purchased goods. [Italics mine.]

The Court of Customs and Patent Appeals gave its construction of that statutory definition in the cases of *United States* v. *Sheldon & Co,.* 23 C. C. P. A. (Customs) 245; T. D. 48108; *Stern Hat Co.* v. *United States,* 26 C. C. P. A. (Customs) 410, C. A. D. 48, and *United States* v. *Collin & Gissel (Ludwig Baer),* 29 C. C. P. A. (Customs) 96, C. A. D. 176.

In the *Sheldon* case, *supra,* the court said:

The said value [United States value] is the price at which such or similar imported merchandise is *freely offered for sale*, packed, in the principal market of the United States, to all purchasers, *at the time of exportation* of the merchandise which is being valued. This could, of course, be established only by such or similar goods which had been previously imported and were being freely offered for sale at the time of export of the goods being valued.

The *Collin & Gissel* case, *supra,* involved a machine used for washing beer barrels. The court found that the importer did not keep a stock of such machines on hand in the United States, but contracted with customers in this country for their sale and then placed the order with the foreign manufacturer. Following the rule it had stated in its two previous decisions on United States value, the court in the *Collin & Gissel* case, *supra,* said:

No imported machine was in the United States available to be offered for sale by the importer at $5,500, or at any other price, on July 11, 1934, the date of exportation of the involved machine, nor at any time near that date. The statute defining United States value explicitly states, "The United States value of imported merchandise shall be the price at which such or similar imported merchandise is freely offered for sale * * * in the principal market of the United States to all purchasers, at the time of exportation of the imported merchandise * * *," and it was definitely construed by us in the *Sheldon & Co.* case, *supra,* in the manner already stated. Clearly, had the importation here involved been a first importation of the particular type of merchandise at issue no United States value could be determined under the statutory definition which Congress adopted and, there being no prototype machine in the United States at or near the date of exportation of the involved machine available for offer, a fundamental element of United States value, as defined by the statute, was lacking.

The testimony adduced herein by plaintiff utterly fails to meet the necessary requirements to establish United States value under the rule laid down by the appellate court in the three cited authorities. The record herein contains no evidence showing that previously imported prototype merchandise was freely offered for sale, in the principal market of the United States, to all purchasers, at or near the date of exportation (October 2, 1937) of the cylinders covered by the shipment under consideration.

Section 501 of the Tariff Act of 1930 attaches a presumption of correctness to the appraised value, in the following language:

The value found by the appraiser shall be presumed to be the value of the merchandise and the burden shall rest upon the party who challenges its correctness to prove otherwise.

Having appealed from the appraiser's finding of value herein, it was incumbent upon plaintiff "to meet every material issue involved in the case." *Meadows, Wye & Co. (Inc.) et al.* v. *United States* (17 C. C. P. A. (Customs) 36, T. D. 43324). Plaintiff has failed to sustain the burden imposed on it by the statute, and therefore this appeal to reappraisement must be, and the same hereby is, dismissed. Judgment will be rendered accordingly.